IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:19-cv-690 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. THORNTON, | ) | |
| JACQUALIN I. STEPHENS (A/K/A | ) | |
| JACQUIELINE I. STEPHENS A/K/A | ) | |
| JACQUELINE I. STEPHENS), | ) | |
| ARNOLD STEPHENS, JR., | ) | |
| STATE OF OHIO, DEPARTMENT OF | ) | |
| TAXATION, and | ) | |
| SENECA COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, the United States of America, by its undersigned counsel, at the request of and with the authorization of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General brings this complaint, pursuant to 26 U.S.C. §§ 7401 and 7403, to reduce to judgment certain unpaid taxes, penalties, and interest owed by defendant John E. Thornton, to establish the validity of the tax liens associated with those liabilities and to determine that those liens attach to all property and rights to property belonging to John E. Thornton, and to collect those liabilities through the judicial sale of a certain parcel of real property, identified below, in accordance with law.  For these purposes, the United States complains and alleges as follows:

## Jurisdiction, Parties and Property

1.      The Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2.      Plaintiff is the United States of America.

3.      Defendant John E. Thornton resides within the jurisdiction of this Court.

4.      Defendant Jacqualin I. Stephens (a/k/a Jacquieline I. Stephens, a/k/a Jacqueline I. Stephens) is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because she has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

5.      Defendant Arnold Stephens, Jr., is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because he has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

6.      Defendant State of Ohio, Department of Taxation, is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

7.      Defendant Seneca County is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

**Count 1**
**To Reduce Federal Tax Liabilities to Judgment**

8.     The United States incorporates by reference the above allegations of paragraphs 1 through 7 as paragraph 8 of the Complaint.

9.     A delegate of the Secretary of the Treasury made assessments against John E. Thornton for income taxes and penalties for the periods, on the dates, and in the amounts described below, which have balances due with interest, accruals, and costs as of March 11, 2019, as follows:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 3/11/2019 |
|---|---|---|---|---|
| 12/31/2002 | Estimated Tax Penalty | 3/30/2009 | $662.73 | $58,353.43 |
| | Tax | 3/30/2009 | $19,833.00 | |
| | Late Filing Penalty | 3/30/2009 | $4,462.42 | |
| | Failure to Pay Tax Penalty | 3/30/2009 | $4,958.25 | |
| 12/31/2003 | Estimated Tax Penalty | 3/30/2009 | $601.58 | $65,725.54 |
| | Tax | 3/30/2009 | $23,315.00 | |
| | Late Filing Penalty | 3/30/2009 | $5,245.87 | |
| | Failure To Pay Tax Penalty | 3/30/2009 | $5,828.75 | |
| 12/31/2004 | Estimated Tax Penalty | 3/30/2009 | $118.06 | $11,164.69 |
| | Tax | 3/30/2009 | $4,121.00 | |
| | Late Filing Penalty | 3/30/2009 | $927.22 | |
| | Failure To Pay Tax Penalty | 3/30/2009 | $989.04 | |
| | Failure To Pay Tax Penalty | 9/6/2010 | $41.21 | |
| 12/31/2005 | Estimated Tax Penalty | 8/30/2010 | $688.87 | $43,918.58 |
| | Tax | 8/30/2010 | $17,174.00 | |
| | Late Filing Penalty | 8/30/2010 | $3,864.15 | |
| | Failure To Pay Tax Penalty | 8/30/2010 | $4,293.50 | |
| 12/31/2006 | Estimated Tax Penalty | 3/30/2009 | $1,254.87 | $64,120.79 |
| | Tax | 3/30/2009 | $26,518.00 | |

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 3/11/2019 |
|---|---|---|---|---|
| | Late Filing Penalty | 3/30/2009 | $5,966.55 | |
| | Failure To Pay Penalty | 3/30/2009 | $3,182.16 | |
| | Failure To Pay Penalty | 9/6/2010 | $3,447.36 | |
| 12/31/2007 | Estimated Tax Penalty | 4/19/2010 | $1,435.08 | $71,046.94 |
| | Tax | 4/19/2010 | $31,532.00 | |
| | Late Filing Penalty | 4/19/2010 | $7,094.70 | |
| | Failure To Pay Penalty | 4/19/2010 | $3,941.50 | |
| | Failure To Pay Tax Penalty | 9/6/2010 | $1,103.62 | |
| | Failure To Pay Tax Penalty | 9/5/2011 | $2,837.88 | |
| **Total** | | | | $314,329.97 |

10.     Notice of the liabilities described in paragraph 9 was given to, and payment demanded from, John E. Thornton.

11.     Despite proper notice and demand, John E. Thornton failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $314,329.97, plus statutory additions accruing from and after March 11, 2019.

**Count 2**
**Collection and Lien Enforcement**

12.     The United States incorporates by reference the above allegations of paragraph 1 through paragraph 11 as paragraph 12 of the Complaint.

**The Property**

13.     By Certificate of Transfer dated September 30, 1988, and recorded on October 3, 1988, with the Seneca County Recorder at Vol. 419 Page 749, Helen G. Keller transferred approximately 42 acres of vacant real property, known as Parcel #O49-00-079256-00-00 (the

"Property"), to the following persons in the following amounts: Geraldine G. Thornton, undivided one-half (1/2) interest; Irene A. Martin, undivided one-quarter (1/4) interest; and Jacqueline Ina Stephens, undivided one-quarter (1/4) interest. *See* Exhibit 1.

14.     By Limited Warranty Deed dated October 11, 1988, and recorded October 25, 1988, with the Seneca County Recorder at Vol. 420 Page 190, Irene A. Martin transferred her one-quarter interest in the Property to Arnold Stephens, Jr. for valuable consideration paid. *See* Exhibit 2.

15.     On December 9, 2014, Geraldine Thornton filed a Transfer on Death Designation Affidavit with the Seneca County Recorder at Book 363 Page 2200, designating her undivided one-half interest in the Property shall transfer upon her death to the following persons in the following amounts: an undivided three-fourths (3/4) interest (in her half interest) to John E. Thornton and an undivided one-fourth (1/4) interest (in her half interest) to Jacquieline I. Stephens. *See* Exhibit 3.

16.     On April 18, 2016, Geraldine Thornton passed away.

17.     By Affidavit of Confirmation dated June 15, 2016, and recorded with the Seneca County Recorder on June 21, 2016, at Book 378 Page 937, John E. Thornton confirmed that Geraldine Thornton passed away and that title to Geraldine Thornton's one-half interest in the Property had transferred as described in the Transfer on Death Designation Affidavit. John E. Thorton further clarified that the correct spelling of Jacquieline I. Stephens is Jacqualin I. Stephens, and that those persons are one and the same. *See* Exhibit 4. A full legal description of the Property is contained in Exhibit 4.

18.     As a result of the above transfers, John E. Thornton owns an undivided 3/8 interest in the Property.

5

**Tax Liens**

19.     Because John E. Thornton neglected, refused, or failed to pay the liabilities described in paragraph 9 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to John E. Thornton, then in existence or thereafter acquired, including the Property.

20.     Notices of Federal Tax Lien ("NFTL") were filed with the County Recorder of Seneca County, Ohio, in accordance with 26 U.S.C. § 6323(f) as follows:

| Taxable Years | Date NFTL filed |
|---|---|
| 2002 | 2/7/11 |
| 2003 | 2/7/11 |
| 2004 | 2/7/11 |
| 2005 | 2/7/11 |
| 2006 | 2/7/11 |
| 2007 | 2/7/11 |

21.     The United States is entitled to enforce the federal tax liens described in paragraph 19 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to Seneca County, Ohio, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court

determines that another party has a superior right, title, claim, lien, or interest; or, alternatively, as otherwise determined by the Court in accordance with the law.

**Count 3**
**To Create an Easement Across Adjoining Property**

22.     The United States incorporates by reference the above allegations of paragraphs 1 through 21 as paragraph 22 of the Complaint.

23.     Mr. Thornton is the sole owner of a parcel of real property located at 14359 E. US Route 224, Attica, OH 44807, Parcel No. O49-00-079260-01-00 (the "Adjoining Property"), which adjoins the Property.  *See* Exhibit 5.

24.     Under 26 U.S.C. § 7403, the United States may enforce its liens against a portion of the Adjoining Property by creating and selling an easement to the Property.

25.     Alternatively, under Ohio state law, this Court may create an easement-by-necessity across the Adjoining Property in connection with the judicial sale of the Property since, otherwise, the Property will not have access to any road.

26.     The United States is entitled to enforce the federal tax liens described in paragraph 19 against a portion of the Adjoining Property pursuant to 26 U.S.C. § 7403 and/or Ohio state law by creating and selling an easement – the scope and terms of which the Court shall determine as necessary to enable access to the Property from the road – free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Adjoining Property; second, to Seneca County, Ohio, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the

Court determines that another party has a superior right, title, claim, lien, or interest; or, alternatively, as otherwise determined by the Court in accordance with the law.

WHEREFORE, plaintiff United States of America prays for a judgment determining that:

(a)     The defendant John E. Thornton is liable to the plaintiff United States for income tax liabilities for the tax periods identified above in the total amount of $314,329.97, plus statutory additions accruing from March 11, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

(b)     the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in clause (a) on all property and rights to property belonging to John E. Thornton, including the Property;

(c)     the federal tax liens securing the liabilities described above shall be enforced pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Property; second, to the defendant Seneca County, Ohio, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in clause (a), except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest; or, alternatively, as otherwise determined by the Court in accordance with the law;

(d)     the federal tax liens securing the liabilities described above shall be enforced pursuant to 26 U.S.C. § 7403 and/or Ohio state law against a portion of the Adjoining Property by ordering the sale of an easement – the scope and terms of which the Court shall determine as necessary to enable access to the Property from the road – free and clear of all rights, title, liens,

claims, and interests, and without the right of redemption, of the parties hereto, with proceeds of such sale to be distributed first to pay the costs of sale, including any expenses incurred to define the easement (for example the costs of a survey); second to Seneca County, Ohio, to pay any real estate taxes which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described in clause (a), except to the extent the Court determines that another party has a superior right, title, claim, lien or interest in the Adjoining Property or, alternatively, as otherwise determined by the Court in accordance with law;

(e)     the Court determine that the failure by any defendant other that the defendants John E. Thornton and Seneca County, Ohio, to timely plead a right, title, claim, lien or interest in the Property shall result in a default being entered against that party, and a default judgment finding that said party has no right, title, claim, lien, or other interest in the proceeds of the sale of the Property; and,

(f)     the United States shall recover its costs, and be awarded such further relief as the Court determines is just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Robert J. Wille_____
ROBERT J. WILLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
T: (202) 514-5573
F: (202) 514-5238
Robert.J.Wille@usdoj.gov

# Exhibit 1

SENT

99221

PROBATE COURT OF ___SENECA___ COUNTY, OHIO

ESTATE OF_____HELEN G. KELLER_____, DECEASED

Case No. _____7271_____ Docket _____ Page _____

## CERTIFICATE OF TRANSFER
Revised Code, Sec. 2113.61

## NO. __1__

Decedent died on ___March 2, 1988_____ owning the real estate described in this certificate. The persons to whom such real estate passed by devise, descent or election are as follows.

| Name | Residence Address | Interest in Real Estate so Passing |
|---|---|---|
| Geraldine G. Thornton | 14359 E. US Route 224 Attica, OH 44807 | Undivided 1/2 Interest |
| Irene A. Martin | Route 2, S.R. 224 E. Attica, OH 44807 | Undivided 1/4 Interest |
| Jacqueline Ina Stephens | Route 1, S.R. 224 E. Attica, OH 44807 | Undivided 1/4 Interest |

[Complete if applicable] The real estate described in this certificate is subject to a charge of $_____ in favor of decedent's surviving spouse,_____ in respect of the unpaid balance of the specific monetary share which is part of the surviving spouse's total intestate share.

FORM 12.1 - CERTIFICATE OF TRANSFER

The real estate, the transfer of which is memorialized by this certificate, is described as follows [describe below, using extra sheets if necessary. If decedent's interest was a fractional share, be sure to so state]:

Situated in the Township of Venice, County of Seneca, State of Ohio:
Known as being part of the southwest quarter (SW 1/4) of Section 3, T1N, R17E;

Beginning at the northeast corner of the west half of the east (W 1/2 - E 1/2) half, of said quarter section;

Thence running west on and along the half section line, approximately 1003.5 feet to a point at the northwest corner of the east half of the east half of the west half (E 1/2 - E 1/2 - W 1/2) of said quarter section;

Thence running south 1° 45' west approximately 2052.0 feet to a point in the center line of the Tiffin Road;

Thence running southeasterly on and along the center line of said Tiffin Road to a point on the east line of the west half of the east half (W 1/2 - E 1/2) of said quarter section;

Thence running north on and along said east line of the west half of east half (W 1/2 - E 1/2) north 1° 45' east, approximately 2600.7 feet to the point and place of beginning, containing 53.97 acres, more or less, subject to all legal highways.

SAVE AND EXCEPTING THE FOLLOWING PARCELS taken off the southerly part of said premises recorded in Seneca County Deed Records:  Volume 399, Page 342 - 5.0 acres; Volume 380, Page 98 - 1.37 acres; Volume 374, Page 612 - 1.42 acres; Volume 371, Page 683 - 2.29 acres; Volume 364, Page 520 - 1.50 acres, containing after said exceptions 42.39 acres more or less (Auditor's records reflect 42.263 acres).

Being the same premises acquired by Ben J. and Helen Keller as follows:
   a) Two parcels (20 acres & 14.70 acres) from Beryl Burkett Shimer et al February 25, 1947, recorded in Volume 264, Page 191 SCDR.

   b) One parcel 19.27 acres from Clyde B. Bernard dated December 29, 1948, recorded in Volume 269, Page 202 SCDR.

   c) Certificate of Transfer from Ben Keller Volume 30, Page 490.

Subject to easements, conditions, restrictions of record. ___049-00-079256-00-00___

TRANSFERRED ___9-30___ 19 88

_____Rick Smith_____
County Auditor

.50¢pd ___kg___

This instrument transferred pursuant to Section 319.54 and 319.202 of the O.R.C.
___F X___ Auditor, Seneca Co., Ohio

September 22, 1988                    /s/ Gerald D. Meyer
Date issued                          Probate Judge

AUTHENTICATION

Seneca Co. Ohio 1:50
Filed Sept 30 19 88 M P M
Recorded Oct 3 19 88
Vol. 419  Page 749
David R. Stearns, Recorder MR
16⁰⁰

I certify that the above document is a true copy of the original kept by me as custodian of the official records of this Court.

PREPARED BY: Charles F. Sliter, Attorney, Bellevue, OH  44811

September 22, 1988                    Joanne M. Shook
Date                                 Deputy Clerk

SEAL

# Exhibit 2

Requested By: ESE 02/15/2019

Limited Warranty Deed
Statutory Form

## 99584

Filed Oct 25 1988 N __ M     Seneca Co. Ohio

Recorded __ Aug 26 __ 19 88

Vol __ 420 __ Page __ 190

David R. Stearns, Recorder __ TDB

KNOW ALL MEN BY THESE PRESENTS

That I, IRENE A. MARTIN, married, the Grantor, of Attica, Ohio, for a valuable

consideration paid, grant with limited warranty covenants to ARNOLD STEPHENS, JR.

the Grantee, whose tax mailing address is: Route 1, US Route 224 East, Attica,

Ohio 44807, the following described real property:

Being an Undivided One-Fourth Interest and all of the
right, title and interest of Grantor in and to the
following described real estate:

Situated in the Township of Venice, County of Seneca,
State of Ohio:
Known as being part of the southwest quarter (SW 1/4) of
Section 3, T1N, R17E;
Beginning at the northeast corner of the west half
of the east half (W 1/2 - E 1/2) of said quarter section;
Thence running west on and along the half section line,
approximately 1003.5 feet to a point at the northwest
corner of the east half of the east half of the west
half (E 1/2 - E 1/2 - W 1/2) of said quarter section;
Thence running south 1° 45' west approximately 2052.0
feet to a point in the center line of the Tiffin Road;
Thence running southeasterly on and along the center
line of said Tiffin Road to a point on the east line of
the west half of the east half (W 1/2 - E 1/2) of said
quarter section;
Thence running north on and along said east line of the
west half of east half (W 1/2 - E 1/2) north 1° 45' east,
approximately 2600.7 feet to the point and place of beginning,
containing 53.97 acres, more or less, subject to all legal
highways.

SAVE AND EXCEPTING the following parcels taken off the south-
erly part of said premises recorded in Seneca County Deed
Records: Volume 399, Page 342 - 5.0 acres; Volume 380, Page 98
1.37 acres; Volume 374, Page 612 - 1.42 acres; Volume 371,
Page 683 - 2.29 acres; Volume 364, Page 520 - 1.50 acres,
containing after said exceptions 42.39 acres more or less
(Auditor's records reflect 42.263 acres).

Being the same premises acquired by Ben J. and Helen Keller
as follows:

a) Two parcels (20 acres & 14.70 acres) from Berlyl Burkett
Shimar et al, February 25, 1947, recorded in Volume 264,
Page 191 SCDR.

b) One parcel 19.27 acres from Clyde B. Bernard dated December 29,
1948, recorded in Volume 269, Page 202 SCDR.

c) Certificate of Transfer from Ben Keller Volume 30, Page 490.

Subject to easements, conditions, restrictions of record, and to real estate
taxes for the tax year 1988 and thereafter; assessments, both special and
general, certified and uncertified, if any, for the tax year 1988 and thereafter.

PRIOR TITLE: Volume __ 419 __ , Page __ 749 __ , Certificate of Transfer Records,
SCDR.

049-00-079256-00-00

TRANSFERRED __ Oct. 25 __ 19 88

Rick Smith /tr. __ County Auditor

$ .50 pd.

This instrument transferred pursuant
Section 319.54 and 319.202 of the O.R.C.
000906  Auditor, Seneca Co., Ohio
$ 10.00 pd

Requested By: ESE 02/15/2019

WILLIAM MARTIN, husband of IRENE A. MARTIN, releases to Grantee all rights

of dower therein.

WITNESS our hands this _11_ day of ~~September~~ *October* 1988.

Signed and acknowledged in
the presence of:

_Rhonda B Martin_                     _Irene a. Martin_
                                      IRENE A. MARTIN

_Donna J Miller_                      _William Martin_
                                      WILLIAM MARTIN

State of Ohio    )
                 :
County of Seneca )

Before me, a Notary Public in and for said County and State, personally

appeared the above named, IRENE A. MARTIN and WILLIAM MARTIN, who acknowledged

that they did sign the foregoing instrument and that the same is their free

act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at

                          *October*
Attica, Ohio this _11_ day of ~~September~~ 1988.

                              _Donna J Miller_
                              Notary Public, State of Ohio
                              My Commission Expires

**SEAL**
                                      DONNA J. MILLER
                                      Notary Public, State of Ohio
This instrument prepared by:          My Comm. Exp. April 12, 1992

Atty Charles F. Sliter
223 Northwest St, Bellevue, OH 44811

# Exhibit 3

Instrument
201400182443 OR   Book Page
                   363 2200

201400182443
Filed For Record in
SENECA COUNTY, OHIO
MICHAEL J. DELL, RECORDER
12-09-2014 At 11:59 am.
AFFIDAVIT        44.00
OR Book   363 Page 2200 - 2203

201400182443
GERALDINE G THORNTON
14359 EAST US 224
ATTICA OH 44807

## TRANSFER ON DEATH DESIGNATION AFFIDAVIT
### (O.R.C. Section 5302.22)

STATE OF OHIO, COUNTY OF SENECA, SS:

Geraldine G. Thornton, being first duly sworn according to law, states as follows:

1.    That Affiant, a single person, whose tax mailing address is 14359 East US 224, Attica, Ohio 44807, is the owner of record of an undivided one-half interest in the real property as recorded in Seneca County Deed Records Volume 419, Page 749, having permanent parcel number O49-00-079256-00-00, and which is more fully described on attached **Exhibit A**.

2.    That title of record to the above property is held by Affiant as follows:

       X   Sole Owner
       ____   Tenant(s) in Common
       ____   Joint Tenants with Right of Survivorship
       ____   Tenants by the Entireties

3.    That Affiant hereby designates her entire undivided one-half interest in the property for transfer on death to the person or persons named below, as transfer on death beneficiaries, to receive the title of Affiant upon her death:

   A.   An undivided three-fourths (3/4) interest to John E. Thornton, contingent beneficiary as to this interest being his son, namely, Dillon J. Thornton.

   B.   An undivided one-fourth (1/4) interest to Jacqueline I. Stephens, contingent beneficiary as to this interest being her son, namely, Terrence L. Stephens.

4.    This Affidavit, and the beneficiary designations set forth herein, hereby revokes, replaces and supersedes any prior beneficiary designations by Affiant, whether by deed or affidavit, related to the above-designated real property, and specifically the transfer on death deed recorded at Seneca County Official Records Volume 308, Page 401.

*Geraldine G. Thornton*
**Geraldine G. Thornton**

Sworn to and subscribed before me this 4th day of December, 2014.

BRYAN C. RANNIGAN
Attorney at Law
Notary Public - State of Ohio
My commission has no expiration date
Section 147.03 O.R.C.

*Bry C. Ran*
**Bryan C. Rannigan, Attorney at Law**
**Notary Public, State of Ohio**
**My commission expires:**
**No expiration date**

*This instrument was prepared by Gordon Law LLC, 23 Court Street, Tiffin, Ohio 44883*

Requested By: ESE 02/15/2019

Instrument
201400182443 OR  Book Page
363 2201

## EXHIBIT A

Situated in the Township of Venice, County of Seneca and State of Ohio:

Known as being part of the Southwest quarter (SW ¼) of Section 3, T1N, R17E;

Beginning at the Northeast corner of the West half (W ½) of the East half (E ½) of said quarter section;

Thence running West on and along the half section line, approximately 1003.5 feet to a point at the Northwest corner of the East half (E ½) of the East half (E ½) of the West half (W ½) of said quarter section;

Thence running South 1°45' West approximately 2052.0 feet to a point in the center line of the Tiffin Road;

Thence running southeasterly on and along the center line of said Tiffin Road to a point on the East line of the West half (W ½) of the East half (E ½) of said quarter section;

Thence running North on and along said East line of the West half (W ½) of the East half (E ½) North 1°45' East, approximately 2600.7 feet to the point and place of beginning, containing 53.97 acres, more or less, subject to all legal highways.

LESS AND EXCEPT THEREFROM THE FOLLOWING 7 EXCEPTED PARCELS:

Excepted Parcel One: Being a part of the Southeast quarter (1/4) of the Southwest quarter (1/4) of Section Three (3), Township One (1) North, Range Seventeen (17) East, bounded and described as follows:

Commencing on the South line of Section Three (3) at its intersection of the center line of U.S. Highway No. 224; thence in a northwesterly direction and on the center line of U.S. Highway No. 224, one hundred twenty-eight and two tenths (128.2) feet to the point of beginning; thence turning right sixty-two (62) degrees and twenty-one (21) minutes, passing through a pipe set on the northerly right-of-way line of U.S. Highway No. 224, three hundred seventy-eight and seven tenths (378.7) feet to a pipe; thence turning left ninety (90) degrees, two hundred (200) feet to a pipe; thence turning left ninety (90) degrees, passing through a pipe on the northerly right-of-way line of U.S. Highway No. 224, two hundred seventy-four and seven tenths (274.7) feet to the center line of U.S. Highway No. 224; thence turning southeasterly and on the center line of U.S. Highway No. 224, two hundred twenty-five and seventy-seven hundredths (225.77) feet to the point of beginning, containing one and five tenths (1.5) acres of land, more or less, subject to all legal highways.

A survey of this property was made by Clarence L. Bish, Registered Surveyor No. 3377.

Excepted Parcel Two: Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Commencing at the intersection of the center line of U.S. Route 224 and the South section line of said Section Three (3); thence northwesterly along the center line of U.S. Route 224, for a distance of one hundred twenty-eight and two tenths (128.2) feet to an existing spike; thence continuing northwesterly along said center line for a distance of two hundred twenty-five and seventy-seven hundredths (225.77) feet to an existing spike; thence North no (0) degrees East along the West line of an existing lot for a distance of two hundred seventy-four and six tenths (274.6) feet to an existing iron pipe, the place of beginning; thence North ninety (90) degrees East along the North line of an existing lot for a distance of two hundred (200) feet to an existing iron pipe; thence North seventy-five (75) degrees, nine (09) minutes and forty (40) seconds West for a distance of two hundred six and eighty-three hundredths (206.83) feet to an iron pipe; thence South no (0) degrees West for a distance of fifty-three and five hundredths (53.05) feet to an iron pipe, the place of beginning, and containing twelve hundredths (0.12) of an acre, more or less, but subject to all legal highways and easements of record.

Instrument
201400182443 DR  Book Page
                  363 2202

Excepted Parcel Three: Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows: Commencing at the intersection of the center line of U.S. Route 224 and the South section line of said Section Three (3); thence northwesterly along the centerline of U.S. Route 224, for a distance of one hundred twenty-eight and two tenths (128.2) feet to an existing spike; thence continuing northwesterly along said center line for a distance of two hundred twenty-five and seventy-seven hundredths (225.77) feet to an existing spike, the place of beginning; thence North no (0) degrees East along the West line of an existing lot for a distance of two hundred seventy-four and six tenths (274.6) feet to an existing iron pipe; thence continuing North no (0) degrees East for a distance of fifty-three and five hundredths (53.05) feet to an iron pipe; thence North seventy-five (75) degrees, nine (09) minutes and forty (40) seconds West for a distance of three hundred fourteen (314.0) feet to an iron pipe; thence South twenty-seven (27) degrees, twenty-five (25) minutes and forty (40) seconds West for a distance of two hundred twenty and twenty-six hundredths (220.26) feet to a spike on the center line of U.S. Route 224; thence South sixty-two (62) degrees and nineteen (19) minutes East for a distance of four hundred fifty-seven and thirty-six hundredths (457.36) feet to a spike, the place of beginning, and containing two and two hundred ninety-seven thousandths (2.297) acres, more or less, but subject to all legal highways and easements of record.

Excepted Parcel Four: Being part of the Southwest quarter (1/4) of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Commencing at the intersection of the centerline of U.S. Route 224 with the South section line of said Section Three (3); thence northwesterly along the centerline of U.S. Route 224 for a distance of eight hundred eleven and thirty-three hundredths (811.33) feet to an existing spike, the place of beginning; thence continuing North sixty-two (62) degrees, twenty (20) minutes and forty (40) seconds West along said centerline for a distance of two hundred thirty and nine tenths (230.9) feet to a spike; thence North twenty-six (26) degrees, fifty-six (56) minutes East for a distance of two hundred forty-one and five tenths (241.5) feet to an existing iron pipe; thence South sixty-nine (69) degrees, forty-three (43) minutes and thirty-six (36) seconds East for a distance of two hundred thirty-four and eight tenths (234.8) feet to an iron pipe; thence South twenty-seven (27) degrees, twenty-five (25) minutes and forty (40) seconds West for a distance of two hundred seventy-one and sixty-six hundredths (271.66) feet to a spike, the place of beginning and containing one and thirty-seven hundredths (1.37) acres of land, more or less, but subject to all legal highways and easements of record.

A survey of this property was made by Jerry B. Weininger, Ohio Registered Surveyor No. 5647.

Excepted Parcel Five: Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Commencing at the intersection of the centerline of U.S. Route 224 with the South section line of said Section Three (3); thence northwesterly along the center line of U.S. Route 224 for a distance of eight hundred eleven and thirty-three hundredths (811.33) feet to an existing spike; thence continuing North sixty-two (62) degrees twenty (20) minutes forty (40) seconds West along said center line for a distance of two hundred thirty and nine tenths (230.9) feet to a spike, the place of beginning; thence continuing North sixty-two (62) degrees eighteen (18) minutes thirty (30) seconds West along said center line for a distance of two hundred twenty-seven and thirty hundredths (227.30) feet to a spike; thence North no (0) degrees eleven (11) minutes forty (40) seconds East along an existing property line fence for a distance of two hundred twenty-three and seventy-nine hundredths (223.79) feet to an iron pipe; thence South sixty-nine (69) degrees forty-seven (47) minutes eight (08) seconds East for a distance of three hundred thirty and twenty-seven hundredths (330.27) feet to an iron pipe; thence South twenty-six (26) degrees fifty-six (56) minutes West for a distance of two hundred forty-one and five tenths (241.5) feet to a spike, the place of beginning and containing one and forty-two hundredths (1.42) acres, more or less, but subject to all legal highways and easements of record.

Instrument
201400182443 OR
Book Page
363 2203

Excepted Parcel Six: Being part of the Southwest quarter of Section 3, Township 1 North, Range 17 East and being more particularly described as follows:

Commencing at the intersection of the centerline of U.S. 224 with the South line of said section; thence northwesterly along the centerline of U.S. 224 for a distance of 811.33 feet to a point; thence North 27 degrees 26 minutes 43 seconds East on the East line of premises described in Volume 380 at Page 98, Seneca County Deed Records, for a distance of 30.00 feet to a pipe found; thence continuing North 27 degrees 26 minutes 43 seconds East on said line for a distance of 241.66 feet to a pipe reset, the place of beginning; thence North 0 degrees 35 minutes 49 seconds East on a line for a distance of 409.44 feet to a personalized pipe set; thence North 69 degrees 47 minutes 08 seconds West on a line for a distance of 564.72 feet to a personalized pipe set; thence South 0 degrees 35 minutes 49 seconds West on a line for a distance of 409.44 feet to a pipe found, being the Northwest corner of premises described in Volume 374 at Page 612; thence South 69 degrees 47 minutes 08 seconds East on a line for a distance of 329.92 feet to a pipe found, being the Northeast corner of premises described in Volume 374 at Page 612 and the Northwest corner of premises described in Volume 380 at Page 98, Seneca County Deed Records; thence South 69 degrees 47 minutes 08 seconds East on the northerly line of premises described in Volume 380 at Page 98 for a distance of 234.80 feet to a pipe reset, the place of beginning and containing 5.00 acres, more or less, but subject to all legal highways and easements of record as surveyed by Jerry B. Weininger, Registered Surveyor No. 5647, in June 1983.

Excepted Parcel Seven: Being part of Southwest quarter of Section 3, Township 1 North, Range 17 East, and being more particularly described as follows:

Commencing at a spike found at the intersection of U.S. Route 224 and the South section line of said Section 3 (Sta. 245+40.3);

Thence on an assumed bearing of North 63 degrees 42 minutes 04 seconds West along said U.S. Route 224 for a distance of 353.88 feet to a P.K. nail;

Thence North 62 degrees 18 minutes 24 seconds West along the centerline of said U.S. Route 224 for a distance of 258.46 feet to a P.K. nail;

Thence North 19 degrees 55 minutes 29 seconds East along a line for a distance of 260.25 feet to a personalized iron rod, being the place of beginning, and passing through a personalized iron rod at right-of-way line;

Thence North 75 degrees 09 minutes 40 seconds West along a line for a distance of 169.00 feet to a found iron pipe;

Thence North 27 degrees 25 minutes 40 seconds East, along a line for a distance of 51.40 feet to a found iron pipe;

Thence North 00 degrees 42 minutes 59 seconds East along a line for a distance of 127.65 feet to a set personalized iron pipe;

Thence South 70 degrees 04 minutes 14 seconds East along a line for a distance of 203.62 feet to a set personalized iron pipe;

Thence South 19 degrees 55 minutes 29 seconds West, on a line for a distance of 156.50 feet to the place of beginning and containing 0.669 acre, more or less but subject to all legal highways and easements of record as surveyed by Michael C. Estep, Registered Surveyor Number 7453, in November, 2002.

Containing, after exceptions, 41.594 acres, more or less.

Permanent parcel number: O49-00-079256-00-00

Prior instrument reference: Seneca County Deed Records Volume 419, Page 749

# Exhibit 4

Requested By: ESE 02/15/2019

This instrument transferred
Pursuant to Section 319.54 and
319.202 of the O.R.C. _PX_
Auditor Seneca Co., Ohio

Instrument        Book  Page
201600192795 OR    378  937

201600192795
Filed for Record in
SENECA COUNTY, OHIO
MICHAEL J. DELL, RECORDER
06-21-2016 At 11:44 am.
AFFIDAVIT        72.00
OR Book   378 Page  937 - 943

Transferred  6/21/16
Julie A. Adkins County Auditor
50¢pd              ec

201600192795
JOHN E THORNTON
14359 E US 224
ATTICA OH 44807

## AFFIDAVIT OF CONFIRMATION

STATE OF OHIO, COUNTY OF SENECA, SS:

John E. Thornton, first being duly sworn, deposes and says as follows:

1. That he is the son of Geraldine G. Thornton.

2. That Geraldine G. Thornton is now deceased, her date of death being April 18, 2016. A certified copy of the certificate of death for Geraldine G. Thornton is attached hereto as EXHIBIT A, and incorporated herein as if fully rewritten.

3. That Geraldine G. Thornton was the owner of record of an undivided one-half interest in the real property as recorded in Seneca County Deed Records Volume 419, Page 749, having permanent parcel number O49-00-079256-00-00, and which is more fully described on attached EXHIBIT B.

4. That with regard to her undivided one-half interest in the real estate described on attached EXHIBIT B, Geraldine G. Thornton executed a transfer on death designation affidavit pursuant to Ohio Revised Code Section 5302.22, recorded in Seneca County Official Record Volume 363 at Page 2200.

5. That the below individuals were designated as the beneficiaries to receive title to the undivided one-half interest in said real estate upon the death of Geraldine G. Thornton. The names and addresses of the transfer on death beneficiaries who survived Geraldine G. Thornton are:

| Name of Beneficiary | Share | Address |
| --- | --- | --- |
| John E. Thornton | ¾ | 14359 E US 224, Attica, Ohio 44807 |
| Jacquieline I. Stephens | ¼ | 14271 US Route 224, Attica, Ohio 44807 |

6. That the correct spelling of Jacquieline I. Stephens is Jacqualin I. Stephens, and that Jacquieline I. Stephens and Jacqualin I. Stephens are one and the same person.

Requested By: ESE 02/15/2019

Instrument          Book  Page
201600192795 OR      378   938

7. That by reason of the death of Geraldine G. Thornton, John E. Thornton and Jacqualin I. Stephens are now the owners of record of an undivided one-half interest in said real estate pursuant to the transfer on death designation affidavit referenced above.

8. The purpose of this affidavit is to transfer the ownership of said premises into the names of John E. Thornton and Jacqualin I. Stephens upon the records of the Seneca County Auditor and to provide record evidence of the death of Geraldine G. Thornton to the Seneca County Recorder.

Further affiant saith naught.

John E. Thornton

Sworn to before me and subscribed in my presence this 15th day of June, 2016.

Gretchen Roby
Notary Public, State of Ohio
My commission expires: September 15, 2018

GRETCHEN ROBY
NOTARY PUBLIC
STATE OF OHIO
My Comm. Expires September 15, 2018

This instrument was prepared by Gordon Law LLC, 23 Court Street, Tiffin, Ohio 44883

Requested By: ESE 02/15/2019

Instrument          Book Page
201600192795 OR      378  939

## EXHIBIT B

Situated in the Township of Venice, County of Seneca and State of Ohio:

Known as being part of the Southwest quarter (SW ¼) of Section 3, T1N, R17E;

Beginning at the Northeast corner of the West half (W ½) of the East half (E ½) of said quarter section;

Thence running West on and along the half section line, approximately 1003.5 feet to a point at the Northwest corner of the East half (E ½) of the East half (E ½) of the West half (W ½) of said quarter section;

Thence running South 1°45' West approximately 2052.0 feet to a point in the center line of the Tiffin Road;

Thence running southeasterly on and along the center line of said Tiffin Road to a point on the East line of the West half (W ½) of the East half (E ½) of said quarter section;

Thence running North on and along said East line of the West half (W ½) of the East half (E ½) North 1°45' East, approximately 2600.7 feet to the point and place of beginning, containing 53.97 acres, more or less, subject to all legal highways.

LESS AND EXCEPT THEREFROM THE FOLLOWING 7 EXCEPTED PARCELS:

Excepted Parcel One: Being a part of the Southeast quarter (1/4) of the Southwest quarter (1/4) of Section Three (3), Township One (1) North, Range Seventeen (17) East, bounded and described as follows:

Commencing on the South line of Section Three (3) at its intersection of the center line of U.S. Highway No. 224; thence in a northwesterly direction and on the center line of U.S. Highway No. 224, one hundred twenty-eight and two tenths (128.2) feet to the point of beginning; thence turning right sixty-two (62) degrees and twenty-one (21) minutes, passing through a pipe set on the northerly right-of-way line of U.S. Highway No. 224, three hundred seventy-eight and seven tenths (378.7) feet to a pipe; thence turning left ninety (90) degrees, two hundred (200) feet to a pipe; thence turning left ninety (90) degrees, passing through a pipe on the northerly right-of-way line of U.S. Highway No. 224, two hundred seventy-four and seven tenths (274.7) feet to the center line of U.S. Highway No. 224; thence turning southeasterly and on the center line of U.S. Highway No. 224, two hundred twenty-five and seventy-seven hundredths (225.77) feet to the point of beginning, containing one and five tenths (1.5) acres of land, more or less, subject to all legal highways.

A survey of this property was made by Clarence L. Bish, Registered Surveyor No. 3377.

Excepted Parcel Two: Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Requested By: ESE 02/15/2019

Instrument     Book Page
201600192795 OR    378  940

Commencing at the intersection of the center line of U.S. Route 224 and the South section line of said Section Three (3); thence northwesterly along the center line of U.S. Route 224, for a distance of one hundred twenty-eight and two tenths (128.2) feet to an existing spike; thence continuing northwesterly along said center line for a distance of two hundred twenty-five and seventy-seven hundredths (225.77) feet to an existing spike; thence North no (0) degrees East along the West line of an existing lot for a distance of two hundred seventy-four and six tenths (274.6) feet to an existing iron pipe, the place of beginning; thence North ninety (90) degrees East along the North line of an existing lot for a distance of two hundred (200) feet to an existing iron pipe; thence North seventy-five (75) degrees, nine (09) minutes and forty (40) seconds West for a distance of two hundred six and eighty-three hundredths (206.83) feet to an iron pipe; thence South no (0) degrees West for a distance of fifty-three and five hundredths (53.05) feet to an iron pipe, the place of beginning, and containing twelve hundredths (0.12) of an acre, more or less, but subject to all legal highways and easements of record.

Excepted Parcel Three: Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows: Commencing at the intersection of the center line of U.S. Route 224 and the South section line of said Section Three (3); thence northwesterly along the centerline of U.S. Route 224, for a distance of one hundred twenty-eight and two tenths (128.2) feet to an existing spike; thence continuing northwesterly along said center line for a distance of two hundred twenty-five and seventy-seven hundredths (225.77) feet to an existing spike, the place of beginning; thence North no (0) degrees East along the West line of an existing lot for a distance of two hundred seventy-four and six tenths (274.6) feet to an existing iron pipe; thence continuing North no (0) degrees East for a distance of fifty-three and five hundredths (53.05) feet to an iron pipe; thence North seventy-five (75) degrees, nine (09) minutes and forty (40) seconds West for a distance of three hundred fourteen (314.0) feet to an iron pipe; thence South twenty-seven (27) degrees, twenty-five (25) minutes and forty (40) seconds West for a distance of two hundred twenty and twenty-six hundredths (220.26) feet to a spike on the center line of U.S. Route 224; thence South sixty-two (62) degrees and nineteen (19) minutes East for a distance of four hundred fifty-seven and thirty-six hundredths (457.36) feet to a spike, the place of beginning, and containing two and two hundred ninety-seven thousandths (2.297) acres, more or less, but subject to all legal highways and easements of record.

Excepted Parcel Four: Being part of the Southwest quarter (1/4) of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Commencing at the intersection of the centerline of U.S. Route 224 with the South section line of said Section Three (3); thence northwesterly along the centerline of U.S. Route 224 for a distance of eight hundred eleven and thirty-three hundredths (811.33) feet to an existing spike, the place of beginning; thence continuing North sixty-two (62) degrees, twenty (20) minutes and forty (40) seconds West along said centerline for a distance of two hundred thirty and nine tenths (230.9) feet to a spike; thence North twenty-six (26) degrees, fifty-six (56)

Requested By: ESE 02/15/2019

Instrument
201600192795 OR

Book Page
378  941

minutes East for a distance of two hundred forty-one and five tenths (241.5) feet to an existing iron pipe; thence South sixty-nine (69) degrees, forty-three (43) minutes and thirty-six (36) seconds East for a distance of two hundred thirty-four and eight tenths (234.8) feet to an iron pipe; thence South twenty-seven (27) degrees, twenty-five (25) minutes and forty (40) seconds West for a distance of two hundred seventy-one and sixty-six hundredths (271.66) feet to a spike, the place of beginning and containing one and thirty-seven hundredths (1.37) acres of land, more or less, but subject to all legal highways and easements of record.

A survey of this property was made by Jerry B. Weininger, Ohio Registered Surveyor No. 5647.

Excepted Parcel Five: Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Commencing at the intersection of the centerline of U.S. Route 224 with the South section line of said Section Three (3); thence northwesterly along the center line of U.S. Route 224 for a distance of eight hundred eleven and thirty-three hundredths (811.33) feet to an existing spike; thence continuing North sixty-two (62) degrees twenty (20) minutes forty (40) seconds West along said center line for a distance of two hundred thirty and nine tenths (230.9) feet to a spike, the place of beginning; thence continuing North sixty-two (62) degrees eighteen (18) minutes thirty (30) seconds West along said center line for a distance of two hundred twenty-seven and thirty hundredths (227.30) feet to a spike; thence North no (0) degrees eleven (11) minutes forty (40) seconds East along an existing property line fence for a distance of two hundred twenty-three and seventy-nine hundredths (223.79) feet to an iron pipe; thence South sixty-nine (69) degrees forty-seven (47) minutes eight (08) seconds East for a distance of three hundred thirty and twenty-seven hundredths (330.27) feet to an iron pipe; thence South twenty-six (26) degrees fifty-six (56) minutes West for a distance of two hundred forty-one and five tenths (241.5) feet to a spike, the place of beginning and containing one and forty-two hundredths (1.42) acres, more or less, but subject to all legal highways and easements of record.

Excepted Parcel Six: Being part of the Southwest quarter of Section 3, Township 1 North, Range 17 East and being more particularly described as follows:

Commencing at the intersection of the centerline of U.S. 224 with the South line of said section; thence northwesterly along the centerline of U.S. 224 for a distance of 811.33 feet to a point; thence North 27 degrees 26 minutes 43 seconds East on the East line of premises described in Volume 380 at Page 98, Seneca County Deed Records, for a distance of 30.00 feet to a pipe found; thence continuing North 27 degrees 26 minutes 43 seconds East on said line for a distance of 241.66 feet to a pipe reset, the place of beginning; thence North 0 degrees 35 minutes 49 seconds East on a line for a distance of 409.44 feet to a personalized pipe set; thence North 69 degrees 47 minutes 08 seconds West on a line for a distance of 564.72 feet to a personalized pipe set; thence South 0 degrees 35 minutes 49 seconds West on a line for a distance of 409.44 feet to a pipe found, being the Northwest corner of premises described in Volume 374 at Page 612; thence South 69 degrees 47 minutes 08 seconds East on

Instrument        Book Page
201600192795 OR    378  942

a line for a distance of 329.92 feet to a pipe found, being the Northeast corner of premises described in Volume 374 at Page 612 and the Northwest corner of premises described in Volume 380 at Page 98, Seneca County Deed Records; thence South 69 degrees 47 minutes 08 seconds East on the northerly line of premises described in Volume 380 at Page 98 for a distance of 234.80 feet to a pipe reset, the place of beginning and containing 5.00 acres, more or less, but subject to all legal highways and easements of record as surveyed by Jerry B. Weininger, Registered Surveyor No. 5647, in June 1983.

Excepted Parcel Seven: Being part of Southwest quarter of Section 3, Township 1 North, Range 17 East, and being more particularly described as follows:

Commencing at a spike found at the intersection of U.S. Route 224 and the South section line of said Section 3 (Sta. 245+40.3);

Thence on an assumed bearing of North 63 degrees 42 minutes 04 seconds West along said U.S. Route 224 for a distance of 353.88 feet to a P.K. nail;

Thence North 62 degrees 18 minutes 24 seconds West along the centerline of said U.S. Route 224 for a distance of 258.46 feet to a P.K. nail;

Thence North 19 degrees 55 minutes 29 seconds East along a line for a distance of 260.25 feet to a personalized iron rod, being the place of beginning, and passing through a personalized iron rod at right-of-way line;

Thence North 75 degrees 09 minutes 40 seconds West along a line for a distance of 169.00 feet to a found iron pipe;

Thence North 27 degrees 25 minutes 40 seconds East, along a line for a distance of 51.40 feet to a found iron pipe;

Thence North 00 degrees 42 minutes 59 seconds East along a line for a distance of 127.65 feet to a set personalized iron pipe;

Thence South 70 degrees 04 minutes 14 seconds East along a line for a distance of 203.62 feet to a set personalized iron pipe;

Thence South 19 degrees 55 minutes 29 seconds West, on a line for a distance of 156.50 feet to the place of beginning and containing 0.669 acre, more or less but subject to all legal highways and easements of record as surveyed by Michael C. Estep, Registered Surveyor Number 7453, in November, 2002.

Containing, after exceptions, 41.594 acres, more or less.

Permanent parcel number: O49-00-079256-00-00
Prior instrument reference: Seneca County Deed Records Volume 419, Page 749

# Exhibit 5

This instrument transferred Pursuant to Section 319.54 and 319.202 of the O.R.C. _EX_ Auditor Seneca Co., Ohio

Instrument 201600192796 OR
Book Page
378 944

201600192796
Filed for Record in
SENECA COUNTY, OHIO
MICHAEL J. DELL, RECORDER
06-21-2016 At 11:49 am,
AFFIDAVIT          48.00
OR Book     378 Page  944 - 947

201600192796
JOHN E THORNTON
14359 E US 224
ATTICA OH 44807

Transferred ___10/21/16___
Julie A. Adkins County Auditor
50¢ pd          EC

Description Checked
10/21/16 EC

## AFFIDAVIT OF CONFIRMATION

STATE OF OHIO, COUNTY OF SENECA, SS:

John E. Thornton, first being duly sworn, deposes and says as follows:

1. That he is the son of Geraldine G. Thornton.

2. That Geraldine G. Thornton is now deceased, her date of death being April 18, 2016. A certified copy of the certificate of death for Geraldine G. Thornton is attached hereto as EXHIBIT A.

3. That Geraldine G. Thornton executed a transfer on death designation affidavit pursuant to Ohio Revised Code Section 5302.22, recorded in Seneca County Official Record Volume 363 at Page 2198, the real estate which was the subject of said designation being described as follows:

PARCEL ONE:

Situated in the Township of Venice, County of Seneca and State of Ohio:

Being a part of the Southeast quarter (1/4) of the Southwest quarter (1/4) of Section Three (3), Township One (1) North, Range Seventeen (17) East, bounded and described as follows:

Commencing on the South line of Section Three (3) at its intersection of the center line of U.S. Highway No. 224; thence in a northwesterly direction and on the center line of U.S. Highway No. 224, one hundred twenty-eight and two tenths (128.2) feet to the point of beginning; thence turning right sixty-two (62) degrees and twenty-one (21) minutes, passing through a pipe set on the northerly right-of-way line of U.S. Highway No. 224, three hundred seventy-eight and seven tenths (378.7) feet to a pipe; thence turning left ninety (90) degrees, two hundred (200) feet to a pipe; thence turning left ninety (90) degrees, passing through a pipe on the northerly right-of-way line of U.S. Highway No. 224, two hundred seventy-four and seven tenths (274.7) feet to the center line of U.S. Highway No. 224; thence turning southeasterly and on the center line of U.S. Highway No. 224, two hundred twenty-five and seventy-seven hundredths (225.77) feet to the point of

Instrument
201600192796 OR

Book Page
378  945

beginning, containing one and five tenths (1.5) acres of land, more or less, subject to all legal highways.

A survey of this property was made by Clarence L. Bish, Registered Surveyor No. 3377.

PARCEL TWO:

Situated in the Township of Venice, County of Seneca and State of Ohio:

Being part of the Southwest quarter of Section Three (3), Township One (1) North, Range Seventeen (17) East, and being more particularly described as follows:

Commencing at the intersection of the center line of U.S. Route 224 and the South section line of said Section Three (3); thence northwesterly along the center line of U.S. Route 224, for a distance of one hundred twenty-eight and two tenths (128.2) feet to an existing spike; thence continuing northwesterly along said center line for a distance of two hundred twenty-five and seventy-seven hundredths (225.77) feet to an existing spike; thence North no (0) degrees East along the West line of an existing lot for a distance of two hundred seventy-four and six tenths (274.6) feet to an existing iron pipe, the place of beginning; thence North ninety (90) degrees East along the North line of an existing lot for a distance of two hundred (200) feet to an existing iron pipe; thence North seventy-five (75) degrees, nine (09) minutes and forty (40) seconds West for a distance of two hundred six and eighty-three hundredths (206.83) feet to an iron pipe; thence South no (0) degrees West for a distance of fifty-three and five hundredths (53.05) feet to an iron pipe, the place of beginning, and containing twelve hundredths (0.12) of an acre, more or less, but subject to all legal highways and easements of record.

Containing 1.62 acres, more or less.

Permanent parcel number:  O49-00-079260-01-00

4. That **JOHN E. THORNTON** was designated as the beneficiary to receive title to the real estate upon the death of Geraldine G. Thornton. John E. Thornton has survived Geraldine G. Thornton, his address being 14359 E US 224, Attica, Ohio 44807.

5. That by reason of the death of Geraldine G. Thornton, John E. Thornton is now the owner of record of said real estate pursuant to the transfer on death designation affidavit referenced above.

6. The purpose of this affidavit is to transfer the ownership of said premises into the name of John E. Thornton upon the records of the Seneca County Auditor and to provide record evidence of the death of Geraldine G. Thornton to the Seneca County Recorder.

Requested By: ESG 02/25/2019

```
Instrument          Book Page
201600192796 OR      378  946
```

Further affiant saith naught.

John E. Thornton

Sworn to before me and subscribed in my presence this 15th day of June, 2016.

Gretchen Roby
Notary Public, State of Ohio
My commission expires: September 15, 2018

GRETCHEN ROBY
NOTARY PUBLIC

STATE OF OHIO

My Comm. Expires September 15, 2013

*This instrument was prepared by Gordon Law LLC, 23 Court Street, Tiffin, Ohio 44883*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | John E. Thornton, Jacqualin I. Thornton, Arnold Stephens, Jr., State of Ohio, Seneca County |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant Seneca |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Robert J. Wille, DOJ, P.O. Box 55, Washington, DC 20044, 202-514-5537 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401

Brief description of cause:
Tax Collection

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 314,000.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/28/2019 | /s/ Robert J. Wille |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**      Civil Categories: (Please check  one category only).

    1. [✔]    General Civil
    2. [ ]    Administrative Review/Social Security
    3. [ ]    Habeas Corpus Death Penalty

    *If under Title 28, §2255, name the SENTENCING JUDGE: _____

                              CASE NUMBER: _____

**II.**     <u>**RELATED OR REFILED CASES**</u>.  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

    This action: [  ] is **RELATED** to another **PENDING** civil case  [  ] is a **REFILED** case  [  ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**    In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of  the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

    ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

    (1)    <u>**Resident defendant.**</u> If the defendant resides in a county within this district, please set forth the name of such county

    <u>**COUNTY:**</u>    Seneca

    <u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

    (2)    <u>**Non-Resident defendant.**</u> If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.

    <u>**COUNTY:**</u>

    (3)    <u>**Other Cases**</u>. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.

    <u>**COUNTY:**</u>

**IV.**     The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

<u>**EASTERN DIVISION**</u>

    [ ]    **AKRON**         **(Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)**
    [ ]    **CLEVELAND**     **(Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,**
                                  **Lorain, Medina and Richland)**
    [ ]    **YOUNGSTOWN**    **(Counties: Columbiana, Mahoning and Trumbull)**

<u>**WESTERN DIVISION**</u>

    [✔]    **TOLEDO**        **(Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,**
                                  **Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca**
                                  **VanWert, Williams, Wood and Wyandot)**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                  *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>_____ )<br>*Plaintiff(s)* )<br>v. )<br>)<br>)<br>)<br>_____ )<br>*Defendant(s)* ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____                    _____
                                                                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: